## STIVERS v. SIR FRANCIS DRAKE HOTEL CO., Inc. et al.

### No. 13374.

United States Court of Appeals Ninth Circuit.

June 9, 1953.

Rehearing Denied July 14, 1953.

Oscar A. Mellin, LeRoy Hanscom and Jack E. Hursh, San Francisco, Cal., for appellants.

Sheldon G. Cooper and George A. Helmer, San Francisco, Cal. (Cooper, White & Cooper, San Francisco, Cal., of counsel), for appellees Chronicle Pub. Co.

Jack M. Howard, Naylor & Lassagne, Jas. M. Naylor, San Francisco, Cal., for appellees Sir Francis Drake Hotel Co., Inc., and Botsford, Constantine & Gardner.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a judgment for appellees in a copyright infringement suit brought by appellant. Appellant is the owner of a copyrighted book entitled "Stivers Studio Handbook No. 5" which contains numerous illustrations intended for use by advertising agencies and advertisers in the preparation of advertising material. Appellant distributed the book to potential users, including appellee Botsford, upon a loan basis, with the expressed intention that the illustrations therein would be extracted for use either by cutting the desired illustrations out of the Handbook or by reproducing them in some other fashion directly from the Handbook, at a royalty of one dollar for each subject "used."

Concededly defendant Botsford incorporated eleven illustrations from the Handbook in an advertisement prepared for appellee Hotel, published in the San Francisco newspapers. Also, it is conceded that when the advertisement was published, payment of the eleven dollar fee had not yet been made to Stivers, although at the time the suit was brought (within a week after the appearance of the ad), appellee Botsford was processing the fee due thereon according to its normal procedure for payment of obligations. The trial judge found for appellees on the ground that in making payment after the ultimate use of the material from the Handbook, appellees were in compliance with the license proffered by appellant.[1]

---

1. Upon appearing in the suit Botsford deposited in court the eleven dollars due, and the court ordered the amount paid over to appellant.

Appellant urges here that the terms upon which the illustrations are offered are plain, particularly as to a requirement that the one dollar fee per illustration must be remitted to appellant prior to the time the illustration is published as part of an advertisement. It is true that on page three of the book, containing the terms upon which reproduction rights will be granted, there is one sentence which in itself indicates that cash prepayment is required. However, on the same page, under the heading "Terms," the user of the book is told to "Please send your check with a memo of subjects *used*." [Emphasis added.] The same page also states that illustrations may be used "for a fee of $1.00 per subject *used*." [Emphasis added.] Appellant also recognized that the book would be substantially mutilated in use, so he put a copyright notice at the bottom of 130 of the 144 pages in the book, specially directed to those who would be actively using the book in the preparation of advertisements. In this notice, the primary language is "Illustrations may be reproduced directly from this Handbook for a fee of $1.00 per subject used * * *. Send a memo of subject used with your remittance." It will be seen that here there is no mention of cash prepayment.

On direct examination, appellant testified that the word "use" introduces the thought "does a man use it when he first prepares the advertisement, does he use the thing or when his company has officially published it. As I say we are talking more to the man who has to prepare the advertisement, not actually responsible for placing it, and frankly that is the point that I wish were cleared up myself, in fact, we won't use that any more."

In light of all this, we agree with the trial judge that appellant employed ambiguous and uncertain terminology in stating the reproduction terms, and that appellees were in substantial compliance with the proffered license when they construed it to require only that payment of the one dollar use fee be made after the ultimate use of the material.

Judgment affirmed.